IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-499-BO

CHANIELLE L. WOODFORD, )
           Plaintiff, )
)
v. )     O R D E R
)
UNITED STATES OF AMERICA; )
UNITED STATES DEPARTMENT )
OF JUSTICE, BUREAU OF )
PRISONS, )
           Defendants. )

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and plaintiff has been permitted to file a sur-reply. In this posture, the motion is ripe for ruling and, for the reasons that follow, the motion is denied.

BACKGROUND

Plaintiff initiated this action against her employer alleging claims for assault and battery, negligence, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff brings her state law claims against defendants pursuant to the Federal Tort Claims Act. [DE 1].

Plaintiff alleges that she has been an exemplary Corrections Officer for the federal Bureau of Prisons (BOP) since she began her employment in August 2009. Plaintiff alleges that she began working at the Federal Correctional Center at Butner (FCC Butner) in 2014, where she assigned to the FCI-II facility. In October 2019, plaintiff was reassigned to the FCI-I facility at FCI Butner. Plaintiff alleges that her supervisor, Captain Reginald Wright, sexually assaulted

and sexually harassed her. Specifically, plaintiff alleges that in late 2016 or 2017 Wright assaulted plaintiff in the staff lounge by grabbing her arms, pinning her up against the wall, and forcibly kissing her and fondling her breasts and groin over her clothes. Plaintiff was able to break free from Wright's grip, and, although she was terrified, she did not report the misconduct as she had heard that Wright had found ways to reassign subordinate female staff who attempted to report his misconduct and had further been physically violent with at least two women. Plaintiff alleges that after the incident in the staff lounge Wright would touch her inappropriately while she performed her duties, leer at her breasts and buttocks, and routinely call plaintiff's office phone using sexual innuendos.

Plaintiff alleges that in July 2018 she stood up to Wright after he tried to pull her into his office, refusing his advances and forcefully telling Wright to stop. Plaintiff alleges that Wright then began an unlawful campaign against plaintiff of retaliation and harassment. Plaintiff's supervising lieutenants, who were Wright's friends, began, among other things, lowering her performance evaluations without justification, singling plaintiff out for discipline, and fabricating memoranda which described incidents with plaintiff that never happened in order to trigger threat assessments.

On February 12, 2019, plaintiff contacted the EEO Counselor at FCC Butner to formally complain about her treatment by her supervising lieutenants; plaintiff elected not to report Wright's sexual harassment and assault fearing her treatment would get worse. Plaintiff later learned that Wright had a history of sexual harassment and retaliation against female officers and that, despite knowledge of this, FCC Butner officials permitted White to keep his position where he continued to harass, assault, and retaliate against female officers. Plaintiff further alleges that after she initiated an Equal Employment Opportunity (EEO) proceeding on April 9, 2019, she

2

received incorrect guidance from the EEO Counselor regarding the allegations she could make and was prevented from amending her EEO complaint.

## DISCUSSION

Defendants have moved to dismiss plaintiff's complaints on several grounds, contending that the Court lacks subject matter jurisdiction over some of her claims and that plaintiff has otherwise failed to state a claim upon which relief may be granted. Defendants argue that plaintiff's Federal Tort Claims Act (FTCA) claims should be dismissed for lack of subject matter jurisdiction because plaintiff did not properly exhaust her administrative remedy, that each tort claim is preempted by the Federal Employees' Compensation Act (FECA) and Title VII, and that the alleged sexual assault is clearly conduct beyond the scope of plaintiff's supervisor's employment. Defendants additionally argue that plaintiff's Title VII retaliation claim should be dismissed for failure to exhaust.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

3

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). Further, the Court may consider documents which are attached to as well as documents integral to the complaint, so long as there is no doubt of their authenticity, without converting the motion to one for summary judgment. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)

I. FTCA claims

Generally, the United States and its agents, acting within the scope of their official government employment, enjoy sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity, however, providing the exclusive remedy "for injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). This requirement is jurisdictional and cannot be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). Because the FTCA is a waiver of sovereign immunity, plaintiffs "must file an FTCA action in careful

4

compliance with its terms." *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000). When a plaintiff brings a suit alleging that the federal government has committed a tort, the Court lacks subject-matter jurisdiction unless the plaintiff has previously presented an administrative claim and either received a written denial or received no final disposition within six months of filing. 28 U.S.C. § 2675(a).

The FTCA further provides that "[a] tort claim shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b). A tort claim accrues for purposes of the FTCA statute of limitations when the plaintiff possesses "the critical facts that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979). In support of their argument, defendants cite to plaintiff's allegation that Wright sexually assaulted her in the staff room in late 2016 or 2017, arguing that at the latest the assault would have occurred on December 31, 2017, and because plaintiff did not initiate any FTCA administrative process until January 16, 2020, her claims for assault, battery, and negligence are forever barred. *See* [DE 17].

Plaintiff's allegations are not limited to the sexual assault in the staff lounge in late 2016 or 2017. Rather, plaintiff has alleged that Wright's unlawful behavior continued into 2018. Plaintiff has alleged that following the sexual assault in the staff lounge Wright would frequently engage in unwanted touching of plaintiff, culminating in Wright grabbing plaintiff's arm and pulling her into his office in approximately July 2018. Plaintiff contends that she has sufficiently alleged a continuing violation, which requires her to demonstrate that an "illegal act was a fixed and continuing practice." *Greene v. U.S. Dep't of Just.*, 606 F. App'x 77, 78 (4th Cir. 2015) (citing *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir.2011)). To constitute a continuing violation, there must be repeated or "continual unlawful acts, not continual ill effects

5

from an original violation." *Id.* (quoting *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991)).

Here, plaintiff has alleged more than isolated incidents, and the Court agrees that she has sufficiently at this stage presented allegations of an ongoing or continuing practice. *Compare Fleming v. United States*, 200 F. Supp. 3d 603, 610 (D. Md. 2016). Although defendants contend that a continuing violation theory is typically endorsed in different contexts, defendants have not cited to the Court any controlling precedent which would prevent plaintiff from proceeding under a continuing violation theory in this context.

Additionally, as to plaintiff's negligence claim, plaintiff has alleged that she discovered defendant's negligence when in August 2019 she disclosed to a Special Investigative Agent that she had been sexually assaulted and harassed by Wright and that the agent took no action, including by failing to follow protocol which would have required plaintiff to be moved to a different assignment where her alleged assailant was no longer her supervisor. [DE 1 ¶ 76]. Plaintiff further alleges that after that meeting she wrote a memorandum in which she revealed that she had been told not to report Wright's harassment and requested that the Warden move her to a different location. Her request for a transfer was denied on September 10, 2019. *Id.* ¶¶ 77-78. Thus, contrary to defendants' assertion that, under *Kubrick*, plaintiff's negligence claim would have accrued in 2016 or 2017 when she was assaulted in the staff lounge by Wright, plaintiff has sufficiently alleged that she suffered an additional injury in September 2019 when it was plain that defendants were aware of plaintiff's assault and Wright's behavior and they failed to take any action to investigate Wright or transfer plaintiff. On this record, taking the allegations in plaintiff's complaint as true, the Court will not dismiss plaintiff's assault, battery, and negligence claims as time-barred under the FTCA.

6

Nor does Title VII bar plaintiff's tort claims. In *Brown v. General Services Administration*, the Supreme Court held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." 425 U.S. 820, 835 (1976). Since *Brown*, however, a number of courts have recognized that torts of a highly personal nature that are unrelated to discrimination but which arise from facts similar to a discrimination claim are not preempted by Title VII. *See Charlot v. Donley*, No. CA 3:11-579-MBS-SVH, 2012 WL 3264568, at *4 (D.S.C. Aug. 9, 2012) (discussing cases and lack of Fourth Circuit precedent). This Court is persuaded by the reasoning in *Charlot* and holds that under circumstances such as this, where "the harms suffered involve something more than discrimination, the victim can bring a separate claim." *Brock v. United States*, 64 F.3d 1421, 1423 (9th Cir. 1995).

Defendants also contend that Wright's conduct was outside the scope of his employment and thus is not actionable under the FTCA. The Court has considered the arguments of the parties and will not, at this stage, dismiss plaintiff's FTCA claims on this ground. "Because the scope-of-employment issue is determinative of both jurisdiction and the underlying merits of an FTCA claim, dismissal under Rule 12(b)(1) is inappropriate unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous." *Kerns*, 585 F.3d at 195. Plaintiff has sufficiently alleged that defendants ratified Wright's conduct, *see Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 491 (1986), and because "the jurisdictional facts are intertwined with the facts central to the merits of the dispute" it is better to allow the parties to engage in discovery prior to resolving defendants' challenge on this ground. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

The Court will, however, stay this action so that the Secretary of Labor can determine whether the Federal Employees Compensation Act governs plaintiff's tort claims.

7

The government argues that plaintiff's FTCA tort claims are barred by the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101-8193. Under the FECA, employees of the United States shall be paid compensation "for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a). The FECA defines the term "injury" as "in addition to injury by accident, a disease proximately caused by the employment, and damage to or destruction of medical braces, artificial limbs, and other prosthetic devices . . .." *Id.* § 8101(5). "In enacting this provision, Congress adopted the principal compromise—the "quid pro quo"—commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983).

A court may not grant relief to an employee of the United States whose claims are covered by the FECA. *Id.* It is the province of the Secretary of Labor to determine whether a claim is covered by the FECA. *See Aponte v. U.S. Dep't of Treasury, Bureau of Alcohol, Tobacco, & Firearms*, 940 F. Supp. 898, 900 (E.D.N.C. 1996) (citing *McDaniel v. United States*, 970 F.2d 194, 196–97 (6th Cir.1992)). Plaintiff's tort claims are arguably within the scope of the FECA. *See Saltsman v. United States*, 104 F.3d 787, 791 (6th Cir. 1997); *Morris v. Potter*, No. 1:04CV858, 2005 WL 5454330, at *4 (M.D.N.C. Sept. 30, 2005). Accordingly, and without opposition from the government, the Court will permit plaintiff an opportunity to present her tort claims to the Secretary of Labor for the Secretary to determine whether they are covered by the FECA.

II.     Title VII claim

Title VII requires that a federal employee exhaust her administrative remedies prior to filing suit in federal court. *Zografov v. V.A. Med. Ctr.*, 779 F.2d 967, 968 (4th Cir. 1985). A federal employee must contact an EEO Counselor within forty-five days of the alleged discrimination prior to filing a complaint, and the EEOC must dismiss a complaint that fails to comply with this requirement unless other circumstances apply. 29 C.F.R. §§ 1614.105(a)(1); 1614.107(a)(2).

Additionally, "[t]he scope of the Plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Id.* (quotation omitted). When a plaintiff's complaint includes claims that "are broader than 'the allegation of a discrete act or acts in [the] administrative charge,' they are procedurally barred." *Parker v. Reema Consulting Services, Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508–10 (4th Cir. 2005)).

Defendants argue that plaintiff's sole Title VII claim for retaliation is based on the fact that she rebuffed Wright's sexual advances and that as a result she was retaliated against by certain lieutenants who were friends of Wright's. Defendants argue that plaintiff did not disclose that she was assaulted and harassed by Wright on February 12, 2019, when she contacted her EEO Counselor, and that at no time did plaintiff disclose to the EEO Counselor why the lieutenants were retaliating against her. Thus, defendants argue they were not on notice of plaintiff's claims and did not have a chance to address plaintiff's claims in the first instance.

9

In Count III of her complaint, plaintiff asserts a claim for retaliation in violation of Title VII, alleging that she

> engaged in protected activity by opposing Captain Wright's unwanted sexual advances. Because of this protected activity, the Lieutenants named in paragraphs 22-28 engaged in retaliatory actions as described above that would dissuade a reasonable person from engaging in protected activity. Subsequently, Plaintiff again engaged in protected activity when she opposed the unlawful retaliatory actions the Lieutenants subjected her to after she opposed Captain Wright's sexual harassment. The continued retaliatory actions Plaintiff experienced at the hands of the Defendant would dissuade a reasonable person from engaging in protected activity.

[DE 1 ¶ 102]. Plaintiff's complaint further alleges that she contacted her EEO Counselor on February 12, 2019, that her supervising lieutenants disciplined plaintiff after she told them that she was going to the EEO office, that the lieutenants told plaintiff that her discipline was based upon her EEO contact, and that Wright warned plaintiff she should drop her EEO claims. *Id.* ¶¶ 62-66. Plaintiff thus contends that her Title VII claim is based upon the actions of the lieutenants after she made contact with the EEO Counselor in February 2019. [DE 20 at 23].

In her EEO complaint of discrimination [DE 16] plaintiff details numerous instances of discipline which she contends support her charge of reprisal, some of which occurred prior to February 2019 and some of which occurred after. In the instant complaint, plaintiff makes clear that her retaliation claim is based upon the actions of her supervising lieutenants after she told them she would engage in the EEO process. Plaintiff's formal EEO complaint and its attachments provide ample notice to defendants of plaintiff's claim of retaliation and are reasonably related to plaintiff's retaliation claim alleged in this suit. *See Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012). Plaintiff's Title VII claim has been properly exhausted and will not be dismissed.

III. Motion to seal

Finally, defendants have moved to seal two attachments to their motion to dismiss, citing certain personal identifying information contained therein. Plaintiff opposes the sealing of these documents. The motion to seal is GRANTED but defendants are DIRECTED to file redacted versions of the documents within ten (10) days of the date of entry of this order. Defendants may further move to seal plaintiff's medical records by separate motion.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 14] is DENIED. This action is hereby STAYED to permit plaintiff an opportunity to present her tort claims to the Secretary of Labor. Plaintiff shall file a status report every sixty-days until the Secretary of Labor has issued his opinion.

Defendants' motion to seal [DE 18] is GRANTED but defendants are DIRECTED to file redacted versions of the documents within ten (10) days of the date of entry of this order.

SO ORDERED, this 28 day of June, 2021.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE